JOHN L. AND DIANA J. MOORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 3277-93
United States Tax Court
T.C. Memo 1994-503; 1994 Tax Ct. Memo LEXIS 511; 68 T.C.M. (CCH) 909; October 11, 1994, Filed *511 Decision will be entered under Rule 155. John L. Moore, pro se. For respondent: Michael Lackner. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioners' Federal income tax for 1989 in the amount of $ 570, plus a penalty under section 6662(a) in the amount of $ 114. The parties filed a stipulation of settled issues on September 30, 1994. The remaining issues for decision are: (1) Whether a "loan discount fee" withheld from a mortgage loan is deductible in the year petitioners received the net loan proceeds; and (2) whether petitioners are liable for the penalty under section 6662(a). Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated *512 herein by this reference. At the time of the filing of the petition herein, petitioners resided in Beaumont, California. Petitioners bear the burden of proving respondent's determinations are erroneous. Rule 142(a); . Loan Discount Fee
During the year in issue, petitioners, cash basis taxpayers, refinanced their rental property located at 11242 Bootes Street, San Diego, California (hereinafter referred to as the Bootes Street property). In connection with this transaction, the lender, Village Oaks Mortgage, charged petitioners a 10 percent loan discount fee (sometimes referred to in the trade as a prepaid finance charge) in the amount of $ 2,500, and withheld that amount (plus other closing costs) from the loan proceeds disbursed. Petitioners claimed the loan discount fee as part of their Schedule E rental expenses. Respondent contends that the loan discount fee is not fully deductible in 1989 on the ground that the amount was not paid by petitioners during 1989, but must be deducted as part of the monthly debt service when paid. Accordingly, respondent disallowed $ 2,333 of the $ 2,500 claimed by *513 petitioners, allowing the balance as having been paid during 1989. Section 163(a) generally allows a deduction for all interest paid or accrued within a taxable year on indebtedness. However, section 163 must be read in conjunction with section 461. Generally, section 461(g)(1) provides that a cash basis taxpayer may deduct prepaid interest no earlier than in the taxable year in which (and to the extent that) the interest represents a charge for the use or forbearance of money borrowed during that period. See . In other words, prepayments of interest must be spread over the term of the loan and deducted to the extent that monthly payments on the loan include such ratable portions. Thus, a cash basis taxpayer is placed upon equal footing with an accrual basis taxpayer in this regard. However, a cash basis borrower has not paid interest "points" within the meaning of section 461(g)(2) where such loan fee is "withheld" by the lender from the principal amount of the loan. , and cases cited therein. The loan discount fee herein *514 is the same as "points"; i.e., an amount charged for the privilege of borrowing. In , we stated: it has been consistently held that a cash basis borrower has not paid interest when the loan transaction is structured so that a loan fee is "withheld" by the lender from what is called the principal amount of the loan and only the supposed principal amount minus the loan fee is actually made available for the borrowing taxpayer's use. [Citations omitted.]
It is clear that petitioners received, or had available, only the face amount of the loan less the prepaid finance charges, and, therefore, those prepaid finance charges were not paid during 1989. See . Moreover, even if petitioners had paid the loan discount fee in 1989, to be deductible in the year paid, the loan discount fee must have been paid in respect of indebtedness incurred in connection with the purchase or improvement of, and secured by, the taxpayer's principal residence. See sec. 461(g)(2). [2] The Bootes Street property was not petitioners' principal residence. *515 Therefore, petitioners clearly do not meet the requirements of the exception in section 461(g)(2). Finally, petitioners contend in their brief that they are entitled to deduct the entire loan discount fee in 1989 based upon , revg. . In Zaninovich, the Court of Appeals for the Ninth Circuit determined that the taxpayers were allowed to deduct a rental payment in *516 full for the year in which it was made, even though the payment covered the rent for a 12-month period, 1 month in 1973 and 11 months in 1974. In so holding, the court applied the "one-year rule" stating: If the taxpayers here are required to deduct their rental payments on a prorated basis, as the Commissioner urges, the simplicity of the cash basis method of accounting is sacrificed for an inconsequential change in the timing of deductions. Under the prorated deduction system, the taxpayers here could only deduct one-twelfth of their rental payment in 1973. In every year thereafter except for the last year of the lease, however, the taxpayers would be permitted to deduct one-twelfth for the current payment and eleven-twelfths for the preceding year's payment. Consequently, under the prorated system the taxpayers here would end up deducting an amount equal to twelve-twelfths of the amount of the yearly rental payment, precisely as they would have done under the general rule for cash basis taxpayers, in every year of the lease term except the first and last. [.]
However, in the instant case, the *517 1-year rule is clearly not applicable as petitioners' loan discount fee was for a loan covering a period of 15 years. Accordingly, for the foregoing reasons, the loan discount fee is not fully deductible in the year withheld by the lender. Therefore, we sustain respondent on this issue. [3]
Section 6662(a)
Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment that is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Petitioners have the burden of proof on this issue. Rule 142(a). However, if a taxpayer relies in good faith upon the advice of a competent and experienced accountant in the preparation of the taxpayer's return, the penalty *518 for negligence or the intentional disregard of rules or regulations is not applicable. . To show good faith reliance, the taxpayer must show that the return preparer was supplied with all the necessary information and the incorrect return was a result of the preparer's mistakes. . At trial, petitioners' tax return preparer, Mr. Martin, testified. Mr. Martin has a master's degree in business administration and has been a tax return preparer for 12 years. Mr. Martin testified that he prepared petitioners' tax return and made the determination that petitioners were entitled to deduct the entire loan discount fee on their 1989 tax return. Accordingly, based on this record, we find that petitioners are not liable for the penalty under section 6662(a). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 461(g)(2) provides as follows: (2) Exception. -- This subsection shall not apply to points paid in respect of any indebtedness incurred in connection with the purchase or improvement of, and secured by, the principal residence of the taxpayer to the extent that, under regulations prescribed by the Secretary, such payment of points is an established business practice in the area in which such indebtedness is incurred, and the amount of such payment does not exceed the amount generally charged in such area.↩
3. We further note we reviewed the other cases and revenue procedures cited by petitioners and found them to be inapposite to their position.↩